IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHNATHAN IVY, # B-53728, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-cv-331-SMY |
| | ) |
| THOMAS SPILLER, | ) |
| PINCKNEYVILLE CORRECTIONAL | ) |
| CENTER, | ) |
| SUZANN BAILEY, | ) |
| ILLINOIS DEPT. of CORRECTIONS, | ) |
| TY BATES, | ) |
| SALVADOR GODINEZ, | ) |
| DOCTOR SHAH, | ) |
| and WEXFORD MEDICAL SOURCES, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff, currently incarcerated at Pinkneyville Correctional Center ("Pinkneyville"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He also alleges a violation of the Americans with Disabilities Act, 42 U.S.C. § 12132. Plaintiff claims that Defendants have been deliberately indifferent to his medical and dietary needs. Specifically, they have failed to provide him with adequate food at the times he must take medications, which causes him pain. Further, he has lost weight because of the inadequate diet plan, and has suffered several serious medical problems due to the soy content of the prison food.

In the complaint, Plaintiff states that he has been housed at several prisons since his conviction in 2002 (Doc. 1, p. 6). He has been taking at least four prescription medications during this time (Rameron, Depakote, Trazeldon, and Buspar), and each of these is directed to be

taken with food or milk (Doc. 1, pp. 6, 14).  So long as Plaintiff was receiving three meals per day, he had no problems with taking his medications.  However, in April 2014, Defendants Spiller (Pinckneyville Warden) and others decided to stop serving breakfast at Pinckneyville. After the last meal of the day is served, inmates must wait about 15 to 17 hours before they receive their first meal on the following day (Doc. 1, p. 14).  Plaintiff must now take his morning medications without any food, and suffers from extreme stomach pain as a result.  Plaintiff also claims that the no-breakfast meal plan has caused him to lose weight.  Plaintiff complained to Defendants Spiller and Doctor Shah about the new meal policy and its effects on him, but he was ignored.  He filed grievances, but got no response.

      Plaintiff's second claim is that Defendants Spiller, Bates (Deputy Director of the Illinois Department of Corrections – "IDOC"), Bailey (Pinckneyville Food Service Administrator), Godinez (Director of the IDOC), Shah, Wexford Health Sources, Pinckneyville, and the Illinois Department of Corrections ("IDOC") conspired to violate his rights when they began feeding him soy-based foods in 98% of the meals.  Because of his long-term consumption of soy, Plaintiff has developed headaches, severe and painful constipation, stomach and intestinal pain, and a large mass on or around his thyroid.  The ongoing constipation led to a torn anus that required surgical repair (Doc. 1, pp. 7-8, 13).  Plaintiff complained to Defendants Spiller, Shah, Bates, and Bailey, about these effects of the soy in his diet, but received no response.  His numerous grievances have gone unanswered.  When Plaintiff talked to Defendant Shah about the mass in his thyroid area, Defendant Shah told Plaintiff to stop eating so much, and that soy was good for him.

      In an attached affidavit, Plaintiff touches on a number of other complaints, including retaliatory cell shakedowns, destruction of personal property and legal mail, false disciplinary

reports, lack of access to exercise areas, extortion of inmates, and harassment (Doc. 1, pp. 13-16).  However, he did not include these matters in the statement of claim within his complaint, nor does he claim that any of the named Defendants were responsible for these alleged violations.

Plaintiff requests compensatory and punitive damages (Doc. 1, p. 9).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated the following colorable federal causes of action, which shall receive further review:

> **Count 1:**  Eighth Amendment[1] claim against Defendants Spiller and Shah, for deliberate indifference to Plaintiff's medical need to be given food or milk to take with his morning medications;
>
> **Count 2:**  Eighth Amendment claim against Defendants Spiller, Shah, Bates, and Bailey, for deliberate indifference to Plaintiff's need for a non-soy diet in light of the serious physical symptoms he has experienced from his consumption of soy-based foods.

However, Plaintiff has failed to state a claim upon which relief may be granted on his claim of conspiracy **(Count 3)**, or violation of the Americans with Disabilities Act **(Count 4)**.  Those claims shall be dismissed, as shall the remaining Defendants.

---

[1] Plaintiff invokes the Fourteenth Amendment as well as the Eighth Amendment in relation to both his claims, yet he fails to articulate any distinct Fourteenth Amendment issue.  Any such claim would appear to be redundant, as it is necessarily based on the same facts underlying the Eighth Amendment claims recognized herein.  *See Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (dismissing equal protection and Eighth Amendment claims based on same circumstances as free exercise claim because free exercise claim "gains nothing by attracting additional constitutional labels"); *Williams v. Snyder*, 150 F. App'x 549, 552-53 (7th Cir. 2005) (dismissing equal protection, access to courts, due process, and Eighth Amendment claims as duplicative of retaliation and freedom of religion claims).  Thus, the Fourteenth Amendment claims should be considered dismissed without prejudice.

Further, all additional potential claims mentioned in Plaintiff's affidavit (Doc. 1, pp. 13-16) are too vague and conclusory to survive review under § 1915A.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (a complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face"); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").  Those claims shall be considered dismissed from this action without prejudice, without further discussion.

**<u>Counts 1 and 2 – Deliberate Indifference</u>**

The Eighth Amendment prohibition on cruel and unusual punishment forbids unnecessary and wanton infliction of pain, and punishment grossly disproportionate to the severity of the crime.  *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)).  Prison conditions that deprive inmates of basic human needs – food, medical care, sanitation, or physical safety – may violate the Eighth Amendment.  *Rhodes*, 452 U.S. at 346; s*ee also James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992).

Claims under the Eight Amendment have both an objective and subjective component. *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994); *see also Wilson v. Seiter*, 501 U.S. 294, 302 (1991).  The objective conditions must have resulted in an unquestioned and serious deprivation of basic human needs or deprived the inmate of the minimal civilized measure of life's necessities.  *Rhodes*, 452 U.S. at 347; *accord Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir. 1987).

The subjective component of unconstitutional punishment focuses on the state of mind of the defendant.  *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992); *Wilson*, 501 U.S. at 298;

*see also McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994).  In conditions of confinement cases, this is deliberate indifference to inmate health or safety.  *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Wilson*, 501 U.S. at 303; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *DelRaine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994).  The deliberate indifference standard is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm from the conditions.  *Farmer*, 511 U.S. at 842.  A failure of prison officials to act in such circumstances suggests that the officials actually want the prisoner to suffer harm.  *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992).  It is well-settled that mere negligence is not enough.  *See, e.g., Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986).

As to **Count 1**, Plaintiff claims to suffer severe pain when he must take his medications without food.  The fact that he has been prescribed these medications in the first place suggests that he has an objectively serious medical need for that treatment.  *See Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997).  That medical condition, together with the pain Plaintiff experiences when he is deprived of food to take his medications as directed, satisfies the objective component of an Eighth Amendment claim.

Turning to the subjective component, Plaintiff identifies several Defendants who allegedly participated in implementing the no-breakfast policy at Pinckneyville:  Spiller, Bates, and Godinez (Doc. 1, pp. 1, 3).  However, the only one of these who is alleged to have been informed of Plaintiff's particular hardships caused by the lack of a breakfast meal is Defendant Warden Spiller.  Nothing in the complaint indicates that Defendants Bates or Godinez had any knowledge of Plaintiff's medical-related need for a morning meal, thus they could not have been deliberately indifferent to the harm he faced.  It is not enough for Plaintiff to allege that these Defendants "knew or should have known" that their no-breakfast policy would cause harm (Doc.

1, p. 7).  That is a negligence standard, and negligence does not violate the Constitution.  *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Davidson*, 474 U.S. at 347-48; *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995).

Plaintiff also alleges that he told Defendant Shah of the problems he experienced from taking his medications with no food, but Defendant Shah dismissed his complaints of pain and took no action.  This is sufficient at the pleading stage to state a deliberate indifference claim.

Finally, Plaintiff states he has lost weight since the no-breakfast policy began, but he never specifies when this occurred or how much he has lost.  In fact, some of his attached grievances state that he has gained weight in connection with the medications he is on (Doc. 1, pp. 17-18).  These vague and contradictory allegations are insufficient to show that Plaintiff experienced an objectively serious loss of weight due to the Pinckneyville meal plan.  This portion of Count 1 shall therefore be dismissed without prejudice.

**Count 1**, for deliberate indifference to Plaintiff's medical need to take his morning prescriptions along with food, shall proceed against Defendants Spiller and Shah only.  This count is dismissed without prejudice as to the remaining Defendants.

In **Count 2**, Plaintiff describes serious and painful symptoms related to his ongoing consumption of soy-based foods in the prison diet, which satisfy the objective portion of this claim.  He alleges that he complained directly to Defendants Spiller, Shah, Bates, and Bailey about his problems and the need to cut out soy foods from his diet, yet none of these Defendants took any action in response.  **Count 2** shall therefore proceed for further consideration against Defendants Spiller, Shah, Bates, and Bailey.

**Dismissal of Count 3 – Conspiracy**

Conspiracy is not an independent basis of liability in §1983 actions.  *See Smith v. Gomez,*

550 F.3d 613, 617 (7th Cir. 2008); *Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 423 (7th Cir. 2000); *Hill v. Shobe*, 93 F.3d 418, 422 (7th Cir. 1996) ("There is no constitutional violation in conspiring to cover-up an action which does not itself violate the Constitution.")3.  Plaintiff alleges that all of the Defendants conspired to violate his rights by feeding him soy-based foods.

First, including soy products in the prison diet is not in and of itself a constitutional violation.  Secondly, the allegation of "conspiracy" among all these Defendants to violate Plaintiff's rights fails to even come close to crossing "the line between possibility and plausibility."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007).  As noted in the discussion of Count 2, Plaintiff may proceed with his claim of deliberate indifference against those Defendants to whom he complained about the effects of soy consumption on his health.  A conspiracy claim adds nothing to this action, and is meritless.  **Count 3** shall thus be dismissed with prejudice.

**Dismissal of Count 4 – Americans with Disabilites Act**

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability . . . be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.  "In order to make out a prima facie case of discrimination under both the ADA and the Rehabilitation Act,[2] a plaintiff must show:  (1) that he suffers from a disability as defined in the statutes, (2) that he is qualified to participate in the program in question, and (3) that he was either excluded from participating in or denied the benefit of that program based on his disability.  *Jackson v. City of Chicago*, 414 F.3d 806, 810 (7th Cir. 2005).

Here, Plaintiff labels Count 1 of his complaint as an "ADA Violation" as well as a

---

[2] A court should analyze a disability-related claim under both the ADA and the Rehabilitation Act.  *See Norfleet v. Walker*, 684 F.3d 688, 690 (7th Cir. 2012); *Jaros v. Illinois Dept. of Corrections*, 684 F.3d 667 (7th Cir. 2012).

violation of his constitutional rights. However, he fails to mention the ADA or any alleged disability he may have anywhere else in the complaint. Further, he includes no allegation that any action taken by the Defendants was connected in any way to a disability, let alone constituted discrimination on account of a disability. The complaint thus states no claim under the ADA or the Rehabilitation Act. **Count 4** shall therefore be dismissed without prejudice.

**Dismissal of Remaining Defendants**

Plaintiff cannot maintain a civil rights claim against the Defendant Illinois Department of Corrections, because it is a state government agency. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 219, 220 n. 3 (7th Cir. 1990) (same).

Likewise, the Pinckneyville Correctional Center, which is a division of the Illinois Department of Corrections, is not a "person" within the meaning of the Civil Rights Act, and is not subject to a § 1983 suit. *See Will*, 491 U.S. at 71. These Defendants shall therefore be dismissed from the action with prejudice.

Plaintiff has failed to state a deliberate indifference claim against Defendant Godinez in Counts 1 or 2. He cannot be held liable merely because he is the Director of the IDOC who has supervisory authority over the other Defendants. The doctrine of *respondeat superior* is not applicable to § 1983 actions. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001)

(citations omitted).  Because Plaintiff has not alleged that Defendant Godinez is "personally responsible for the deprivation of a constitutional right," *id.*, Defendant Godinez shall be dismissed from this action without prejudice.

Defendant Wexford Medical Sources is a corporation that employs Defendant Shah and provides medical care at the prison, but it cannot be held liable solely on that basis.  A corporation can be held liable for deliberate indifference only if it had a policy or practice that caused the alleged violation of a constitutional right.  *Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004).  *See also Jackson v. Ill. Medi-Car, Inc.,* 300 F.3d 760, 766 n.6 (7th Cir. 2002) (private corporation is treated as though it were a municipal entity in a § 1983 action).  Plaintiff makes no allegation that any individual Defendant acted or failed to act as a result of an official policy espoused by Defendant Wexford Medical Sources.  This Defendant shall also be dismissed from the action without prejudice.

**Pending Motion**

Plaintiff's motion for service of process at government expense (Doc. 3) is **GRANTED IN PART AND DENIED IN PART.**  Service shall be ordered below on those Defendants who remain in the action.  No service shall be made on the dismissed Defendants.

**Disposition**

**COUNT 3** is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.  **COUNT 4** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.  The weight-loss claim contained in **COUNT 1** is dismissed without prejudice, but the remaining portion of **COUNT 1** shall proceed.  All Fourteenth Amendment claims, and all other claims included in Plaintiff's attached affidavit (Doc. 1, pp. 13-16) are **DISMISSED** without prejudice.

Defendants **PINCKNEYVILLE CORRECTIONAL CENTER** and **ILLINOIS DEPARTMENT of CORRECTIONS** are **DISMISSED** from this action with prejudice. Defendants **GODINEZ** and **WEXFORD MEDICAL SOURCES** are **DISMISSED** from this action without prejudice.

In reference to **COUNTS 1 and 2**, the Clerk of Court shall prepare for Defendants **SPILLER, BAILEY, BATES,** and **SHAH**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received

by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Philip M. Frazier** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 15, 2015**

s/ STACI M. YANDLE
United States District Judge
