IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHNATHAN IVY, B53728, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.  **3:15-cv-00331-SMY-PMF** |
| | ) |
| THOMAS SPILLER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATIONS

**FRAZIER, Magistrate Judge:**

Before the Court is the "Motion to Set Aside Default Judgment and for Leave to File Answer and Affirmative Defenses for Defendant Vipin Shah, M.D. Instanter" (Doc. 29) filed by defendant Dr. Shah. Presently, an entry of default has been entered against defendant Dr. Shah (*see* Docs. 22-23) but a default judgment has not yet been entered. As such, also before the Court are plaintiff Johnathan Ivy's Motions for Default Judgment (Docs. 24 and 33).[1]  For the following reasons it is hereby RECOMMENDED that defendant Dr. Shah's motion be GRANTED and the plaintiff's motions be DENIED.

Ivy filed this lawsuit on March 26, 2015. On April 15, 2015 Judge Yandle conducted a merits review of Ivy's complaint pursuant to 28 U.S.C. § 1915A (Doc. 6). Judge Yandle held that Ivy articulated colorable Eighth Amendment deliberate indifference to medical needs claims against defendants Spiller, Shah, Bates and Bailey.[2] In the merits review order the defendants

---

[1] Plaintiff filed two separate motions for default judgment (Docs. 24 and 33). The first motion for default judgment was properly filed and it is against Dr. Shah. The second motion for default judgment (Doc. 33) appears to be against the three other defendants, but these defendants later filed a timely answer.

[2] Judge Yandle held that Ivy articulated the following claims:
  **Count 1:**  Eighth Amendment claim against Defendants Spiller and Shah, for deliberate indifference to Plaintiff's medical need to be given food or milk to take with his morning medications;
  **Count 2:** Eighth Amendment claim against Defendants Spiller, Shah, Bates, and Bailey, for deliberate indifference to Plaintiff's need for a non-soy diet in light of the serious physical symptoms he has experienced from his consumption of soy-based foods.

were ordered to file a responsive pleading to Ivy's complaint. All four defendants waived service of process and their answers were all due on June 15, 2015. (*See* Docs. 12, 13, 17, 19). The Illinois Department of Corrections Defendants (Spiller, Bates and Bailey) filed subsequent motions for extensions of time (Docs. 20 and 25), and ultimately filed a timely joint answer (Doc. 37) on August 3, 2015.

Defendant Dr. Shah's answer was due on June 15, 2015. He did not file an answer nor did he seek an extension of time to do so. On July 7, 2015 the Court Clerk filed an entry of default against him (Doc. 23). Following the entry of default, Ivy filed a motion seeking default judgment against Dr. Shah (Doc. 24). One week after the entry of default, on July 14, 2015 Dr. Shah filed his motion to set aside the default judgment. Because a default judgment was never entered against him, the motion should have technically been a motion to set aside the entry of default.

A District Court may set aside an entry of default for "good cause" as set forth in Rule 55 of the Federal Rules of Civil Procedure. To establish good cause the defendant must satisfy a three part test. *Parker v. Scheck Mech. Corp.*, 772 F.3d 502, 505 (7th Cir. 2014). The Defendant must show "good cause for [their] inaction, prompt steps to correct the default, and an arguably meritorious defense to the lawsuit." *Id*. To establish a "meritorious defense" the Defendant must demonstrate more than "bare legal conclusions" but "less than a definitive showing that the defense will prevail." *Parker v. Scheck Mech. Corp.*, 772 F.3d 502, 505 (7th Cir. 2014).

Here, Dr. Shah's motion should be granted. Counsel for Dr. Shah states that she was only recently assigned to this action. The motion to set aside the default was filed seven days after the entry of default and Dr. Shah provides a "meritorious defense" in that the plaintiff failed to exhaust administrative remedies. Moreover, the Seventh Circuit generally supports "a policy of favoring trial on the merits over default judgment." *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625,

631 (7th Cir. 2009). Dr. Shah has therefore demonstrated good cause to set aside the entry of default.

## RECOMMENDATIONS

Dr. Shah has demonstrated good cause to set aside the entry of default and his motion (Doc. 29) should be granted. Ivy's motions for default judgment (Docs. 24 and 33) should therefore be denied.

**SO RECOMMENDED.**

**DATED:  August 10, 2015.**

*s/ Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**
